# EXHIBIT A

# EXHIBIT A

Electronically Filed
9/8/2021 12:06 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMJD**
   Timothy R. O'Reilly, Esq.
2  Nevada Bar No. 8866
   **TIMOTHY R. O'REILLY, CHTD.**
3  325 S. Maryland Parkway
   Las Vegas, Nevada 89101
4  Telephone: (702) 382-2500
   Facsimile: (702) 384-6266
5  E-Mail: efile@torlawgroup.com

6  Gerald I. Gillock, Esq.
   Nevada Bar No. 0051
7  **GERALD I. GILLOCK & ASSOCIATES**
   428 S. Fourth Street
8  Las Vegas, Nevada 89101
   Telephone: (702) 386-0000
9  Facsimile: (702) 385-2604
   E-Mail: Gillock@gmk-law.com
10
11 SAMUEL MIREJOVSKY, ESQ.
   Nevada Bar No. 13919
12 ASHLEY M. WATKINS, ESQ.
   Nevada Bar No. 13981
13 **SAM & ASH, LLP**
   1108 S. Casino Center
14 Las Vegas, Nevada 89104
   Telephone: (702) 820-4000
15 Facsimile: (702) 820-4444
   *Attorneys for Plaintiff*

CASE NO: A-21-840698-C
Department 13

16
                    **EIGHTH JUDICIAL DISTRICT COURT**
17                       **CLARK COUNTY, NEVADA**

18 | STEPHEN BINGHAM, an individual, | ) | CASE NO.: |
   |                                 | ) |           |
19 |        Plaintiff,               | ) | DEPT. NO.: |
   |                                 | ) |           |
20 | vs.                             | ) |           |
   |                                 | ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
21 | LESSORS, INC., a Minnesota corporation, d/b/a | ) | |
   | XTREME TRANSPORTATION; JASON    | ) |           |
22 | ALDEAN a/k/a JASON ALDINE WILLIAMS, | ) | **ARBITRATION EXEMPTION CLAIMED:** |
   | an individual; DOES I through X, inclusive; and | ) | |
23 | ROE CORPORATIONS I through X, inclusive, | ) | |
   |                                 | ) | **Matter in Controversy Exceeds $50,000 in damages** |
24 |        Defendants.              | ) |           |
   |                                 | ) |           |

25      COMES NOW, Plaintiff, STEPHEN BINGHAM, by and through his attorneys of record,

26 the law offices of TIMOTHY R. O'REILLY, CHTD; GERALD I. GILLOCK & ASSOCIATES;

27 AND SAM & ASH, LLP, and hereby complains and alleges as follows:

28
                              Page **1** of **10**

I.

**PARTIES**

1. STEPHEN BINGHAM (hereinafter referred to as "Mr. Bingham" or "Plaintiff") is, and at all times relevant hereto was, a citizen of the State of Nevada.

2. Defendant LESSORS, INC. is a foreign corporation chartered by and existing under and by virtue of the laws of the State of Minnesota, doing business as XTREME TRANSPORTATION (hereinafter referred to as "**XTREME TRANSPORTATION**"), doing business within the State of Nevada.

3. Defendant JASON ALDEAN a/k/a JASON ALDINE WILLIAMS (hereinafter referred to as "**ALDEAN**"), upon information and belief, is, and at all times relevant hereto was, a citizen of the State of Tennessee, doing business as a public celebrity and country-singer artist within the State of Nevada.

4. At all times relevant herein, Defendants DOES I through X, inclusive, were and now are agents, drivers, employees, contractors, crew members, consultants, or managers of **ALDEAN**, as it relates to the "RIDE ALL NIGHT VEGAS CONCERT" described herein and/or agents, drivers, employees, contractors, crew members, consultants, or managers of **XTREME TRANSPORTATION**; that the true names, identities, or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES I through X, inclusive, are presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names; that Plaintiff is informed and believes and thereupon alleges that each of the Defendants sued herein as DOES I through X, inclusive, are responsible in some manner for the injuries and damages sustained by Mr. Bingham as alleged herein; and that when the true names and capacities of such Defendants become known, Plaintiff will ask leave of this Court to amend this Complaint to insert the true names, identities, and capacities, together with proper charges and allegations.

5. At all times relevant herein, Defendants ROE CORPORATIONS I through X, inclusive, were and now are corporations, firms, partnerships, associations, other entities involved in the employment, contracting, hiring, managing, and/or selection of drivers, employees,

1  contractors, crew members, consultants, or managers of **ALDEAN**, as it relates to the "RIDE ALL
2  NIGHT VEGAS CONCERT" described herein and/or corporation, firms, partnerships,
3  associations, other entities involved in the employment, contracting, hiring, managing, and/or
4  selection of drivers, employees, contractors, crew members, consultants, or managers of **XTREME**
5  **TRANSPORTATION**; that the true names, identities, or capacities, whether individual, corporate,
6  associate, or otherwise of Defendants ROE CORPORATIONS I through X, inclusive, are presently
7  unknown to Plaintiff who therefore sues said Defendants by such fictitious names; that Plaintiff is
8  informed and believes and therefore alleges that each of the Defendants sued herein as ROE
9  CORPORATIONS are responsible in some manner for the injuries and damages sustained by Mr.
10 Bingham as alleged herein; and that when the true names and capacities of such Defendants become
11 known, Plaintiff will ask leave of this Court to amend this Complaint to insert the true names,
12 identities, and capacities, together with proper charges and allegations.

13 6. At all times relevant herein, Defendants, and each of them, were the agents, servants,
14 employees, employers, partners, co-owners/joint ventures of each and every other Defendant, and
15 were acting within the course, purpose, and scope of their employment, agency, ownership, and/or
16 joint ventures, and, to the extent permitted by law, are jointly and severally liable.

## II.

## JURISDICTION

19 7. The Court has personal jurisdiction over Defendants, and each of them, as
20 Defendants engaged in business or took actions within the State of Nevada regarding the alleged
21 injuries sufficient to establish personal jurisdiction.

22 8. The Court has subject matter jurisdiction over this case because the injuries
23 sustained by the Plaintiff occurred in Clark County, Nevada.

24 9. Upon information and belief, the Court has jurisdiction over the Fictitious
25 Defendants because the Fictitious Defendants engaged in business or took actions within the State
26 of Nevada regarding the alleged injuries sufficient to establish personal jurisdiction.

27 . . .

28

### III.

### VENUE

10. Venue is proper in this judicial district because the case arises from incidents occurring in this district.

### IV.

### GENERAL FACTUAL ALLEGATIONS

11. Plaintiff hereby adopts and incorporates by reference all prior paragraphs as though fully set forth herein.

12. Mr. Bingham was working security at Park Theater at Park MGM in Las Vegas, Nevada (the "Theater"), on December 8, 2019.

13. From December 6-8, 2019, **ALDEAN** performed his "RIDE ALL NIGHT VEGAS" concert (the "Concert") at the Theater.

14. During the Concert, on December 8, 2019, Mr. Bingham was assigned as security guard of the loading dock of the Theater.

15. Upon information and belief, while Mr. Bingham manned the loading dock, semi-trucks equipped with auxiliary power units were docked and equipment was unloaded for the Concert into the Theater.

16. Upon information and belief, said semi-trucks were hired, owned, leased, operated, and/or controlled by **XTREME TRANSPORTATION** and/or **ALDEAN** and/or the ROE Defendants named herein.

17. The auxiliary power units equipped on the semi-trucks were continuously running and expelling exhaust fumes over the course of Mr. Bingham's nearly 12-hour shift.

18. Mr. Bingham began feeling nauseous as a result of breathing in the exhaust fumes and had a few episodes of vomiting.

19. When Mr. Bingham requested the truck drivers turn off the power units, they disregarded Mr. Bingham's request and refused to do so.

20. Upon information and belief, the drivers were aware that the auxiliary power units were expelling exhaust fumes.

21. Upon information and belief, the drivers acted with conscious disregard for the safety of others, including Mr. Bingham.

22. At approximately 8:00 p.m., Mr. Bingham reported to his supervisor that the fumes were making him nauseous and causing headaches.

23. Mr. Bingham took a break to get fresh air, but he continued feeling nauseous with headaches throughout the remainder of his shift.

24. At approximately 11:30 p.m., Mr. Bingham went to the basement of the Theater to clock out from his shift.

25. While Mr. Bingham stood in line to clock out, he passed out and was found to be pulseless and not breathing.

26. CPR was administered immediately, 911 was called, and an AED was requested.

27. The AED was utilized and Mr. Bingham was brought back to life.

28. Immediately thereafter, paramedics arrived and transported Mr. Bingham to Spring Valley Hospital, where he was diagnosed as having cardiac arrest as a result of exposure to carbon monoxide.

29. As a result of the exposure to carbon monoxide, Mr. Bingham now suffers from high blood pressure, blurred vision, anxiety, and emotional distress.

30. As a result of this Incident, Mr. Bingham has incurred in excess of $80,000 in medical expenses alone, not including his general damages for pain and suffering.

31. Additionally, Mr. Bingham will incur future special damages as he will require future medical care and treatment for his resulting injuries.

32. As a result of this Incident, Mr. Bingham has had to retain the services of attorneys in this matter, and therefore, seeks reimbursement of attorneys' fees and costs.

. . .

. . .

## V.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

### (As to XTREME TRANSPORTATION, DOES I - X, and ROE CORPORATIONS I - X)

33. Plaintiff hereby adopts and incorporates by reference all prior paragraphs as though fully set forth herein.

34. **XTREME TRANSPORTATION** knew, or in the exercise of reasonable care should have known, that continuously running the auxiliary power units on the semi-trucks would expose persons in the vicinity of the trucks to carbon monoxide, which would likely cause injury to the persons exposed.

35. **XTREME TRANSPORTATION** had a duty to operate, control, and/or manage the semi-trucks and the auxiliary power units in a manner so as not to expose individuals to carbon monoxide.

36. **XTREME TRANSPORTATION** had a duty to hire, employ, train, designate, and/or provide for drivers and/or operators who knew or should have known that continuously running the auxiliary power units on the semi-trucks would expose persons to carbon monoxide.

37. **XTREME TRANSPORTATION** breached its duty by operating, controlling, and/or managing the semi-trucks and the auxiliary power units, and/or by hiring drivers and/or operators, employing drivers and/or operators, training drivers and/or operators, designating drivers and/or operators, and providing for drivers and/or operators of the semi-trucks and the auxiliary power units.

38. As a direct and proximate result of the negligence and conscious disregard of **XTREME TRANSPORTATION** and its drivers and/or operators, Mr. Bingham sustained the injuries and damages alleged herein.

39. As a direct and proximate result of the negligence and conscious disregard of **XTREME TRANSPORTATION** and its drivers and/or operators, Plaintiff has suffered special damages in an amount in excess of $15,000.00.

40. As a direct and proximate result of the negligence and conscious disregard of **XTREME TRANSPORTATION** and its drivers and/or operators, Plaintiff has suffered general damages in an amount in excess of $15,000.00.

41. As a result of the conscious disregard of **XTREME TRANSPORTATION** and its drivers and/or operators, Plaintiff seeks punitive damages in an amount to be determined at trial.

42. As a further result of the negligence and conscious disregard of **XTREME TRANSPORTATION** and its drivers and/or operators, Plaintiff has had to retain the services of attorneys in this matter, and therefore seeks reimbursement of attorneys' fees and costs.

## VI.

### SECOND CAUSE OF ACTION

### VICARIOUS LIABILITY

**(As to XTREME TRANSPORTATION and ALDEAN, DOES I - X, and ROE CORPORATIONS I - X)**

43. Plaintiff hereby adopts and incorporates by reference all prior paragraphs as though fully set forth herein.

44. Defendants' agents and/or employees were acting in the scope of their actual or apparent employment, under Defendants' control and in furtherance of the Defendants' interests at the time their actions and/or inactions caused injury to Mr. Bingham.

45. Defendants are vicariously liable for damages resulting from their agents' and/or employees' negligent actions against Plaintiff during the scope of their employment.

46. As a direct and proximate result of the negligence and conscious disregard of Defendants' agents and/or employees, Mr. Bingham suffered the injuries and damages alleged herein.

47. As a direct and proximate result of the negligence and conscious disregard of Defendants' agents and/or employees, Plaintiff has suffered special damages in an amount in excess of $15,000.00.

48. As a direct and proximate result of the negligence and conscious disregard of Defendants' agents and/or employees, Plaintiff has suffered general damages in an amount in excess of $15,000.00.

49. As a result of the conscious disregard of Defendants' drivers and/or operators, Plaintiff seeks punitive damages in an amount to be determined at trial.

50. As a further result of the negligence and conscious disregard of Defendants' agents and/or employees, Plaintiff has had to retain the services of attorneys in this matter, and therefore, seeks reimbursement of attorneys' fees and costs.

## VII.

## THIRD CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**(As to all XTREME TRANSPORTATION, DOES I - X, and ROE CORPORATIONS I - X)**

51. Plaintiff hereby adopts and incorporates by reference all prior paragraphs as though fully set forth herein.

52. **XTREME TRANSPORTATION** owed a duty to Mr. Bingham to ensure that the semi-trucks and auxiliary power units did not continuously run and expose Mr. Bingham to carbon monoxide.

53. **XTREME TRANSPORTATION** was negligent because of its failure to ensure that the semi-trucks and auxiliary power units did not continuously run and expose Mr. Bingham to carbon monoxide.

54. **XTREME TRANSPORTATION** was negligent because of its failure to hire, employ, train, and designate drivers and/or operators for its semi-trucks.

55. **XTREME TRANSPORTATION**'s agents and/or employees acted with negligence and conscious disregard for the safety of Plaintiff.

56. As a result of the negligence of **XTREME TRANSPORTATION** and its agents and/or employees, Bingham has dealt with the daily permanent effects of the injuries and damages he sustained due to the exposure to carbon monoxide and going into cardiac arrest.

1  57. The aforementioned acts and omissions of **XTREME TRANSPORTATION** and its agents and/or employees constitute negligent infliction of emotional distress, and that as a direct and proximate result thereof, Plaintiff has suffered general and special damages in a sum in excess of $15,000.00.

58. As a result of the negligence and conscious disregard of **XTREME TRANSPORTATION** and its agents and/or employees, Plaintiff seeks punitive damages in an amount to be determined at trial.

59. As a further result of the negligence of **XTREME TRANSPORTATION** and its agents and/or employees, Plaintiff has had to retain the services of attorneys in this matter, and therefore, seeks reimbursement of attorneys' fees and costs.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against Defendants, and each of them, as follows:

1. For general damages in excess of $15,000.00;
2. For special damages in excess of $15,000.00;
3. For punitive damages in an amount to be determined at trial;
4. For reasonable attorneys' fees;
5. For costs of suit; and
6. For any such further relief this Court deems appropriate.

. . .
. . .
. . .
. . .
. . .
. . .
. . .

## IX.

## DEMAND FOR JURY TRIAL

Plaintiff herein demands a trial by jury on all issues so triable.

Respectfully submitted,

**TIMOTHY R. O'REILLY, CHTD.**


By: ___/s/ Timothy R. O'Reilly_____
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 South Maryland Parkway
Las Vegas, Nevada 89101

Gerald I. Gillock, Esq.
Nevada Bar No. 0051
**GERALD I. GILLOCK & ASSOCIATES**
428 South 4th Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*